UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-335-RJC

| GREGORY LYNN GORDON, | ) |  |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BRIAN CLAYTON HUNCKE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1), pursuant to 28 U.S.C. § 1915(e), and Plaintiff's Application to Proceed In Forma Pauperis, (Doc. No. 1-1).

I. BACKGROUND

Plaintiff filed this action on May 25, 2012, on a form used for a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the Complaint, Plaintiff challenges first-degree murder charges and brings various constitutional claims.[1] This is one of five civil rights

---

[1] This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). If a petitioner is not currently confined pursuant to a final decision, or "judgment," of the state court, his petition must be construed as arising under 28 U.S.C. § 2241(c)(3), which provides habeas jurisdiction over any person held in custody in violation of the Constitution or laws or treaties of the United States, rather than § 2254, which applies to persons held pursuant to a state court judgment. It is unclear from the petition whether Plaintiff has been convicted on the first-degree murder charges. Plaintiff describes himself as a "pre-trial detainee," but the North Carolina Department of Correction records indicate a conviction date for first-degree murder on December 16, 2011, with Plaintiff awaiting a pre-sentence mental health diagnosis. In any event, because Plaintiff raises constitutional claims that do not directly challenge the constitutionality of his custody, his Complaint is in the nature of an action brought pursuant to 42 U.S.C. § 1983, and the Court will treat it as such. The Court, therefore, refers to Mr. Gordon as Plaintiff rather than Petitioner.

complaints filed in this Court arising out of events that began with Plaintiff's arrest for state court murder charges on July 26, 2010. The Court has already dismissed three of these complaints.[2]

In an Order dismissing one of Plaintiff's previous actions, this Court set forth the following summary of alleged facts from the date on which Plaintiff was arrested:

> Plaintiff contends that on July 26, 2010, while he was on suicide watch in the Union County Jail, Keziah and Huncke came to interview him. Plaintiff waived his right to counsel, signed a Miranda form, and agreed to speak with the detectives. During the interview, Plaintiff had a diabetic attack which required a shot of insulin. Keziah and Huncke terminated the interview at this point.
>
> Plaintiff requested to speak with Keziah and Huncke again and the detectives returned to the jail to resume their interview. Keziah and Huncke subsequently signed Plaintiff out of jail to assist with their investigation. Plaintiff, who was fully cuffed and restrained by a waist chain, was placed in the front seat of Keziah's vehicle. Plaintiff contends he was not wearing a seatbelt.
>
> Plaintiff states that he became ill during the car ride and Huncke stopped at a convenience store to purchase him green tea. Plaintiff claims this was negligent because green tea was not what Plaintiff needed for his condition. Plaintiff states that he then experienced a series of illness-related symptoms which culminated in a car accident. Following the accident, Plaintiff went to the emergency room where hospital personnel administered insulin and intravenous fluids.
>
> Plaintiff concedes that he "do[es] not have any memory of the events of July 26, 2010, not even signing his name." But Plaintiff argues that Huncke and Keziah violated his constitutional rights by illegally transporting him from the jail without a warrant, denying him "proper medical treatment for a very serious illness ... with deliberate indifference to life threatening medical needs," and diagnosing him with " 'diabetic throat blisters' without a medical evaluation" and determining that green tea "was the proper medical treatment" despite the fact

---

[2] See Gordon v. Huncke, 3:11-cv-257, filed on a § 1983 form on May 24, 2011, dismissed September 28, 2011, for failure to state a claim; Gordon v. Huncke, 3:11-cv-502, filed on a § 1983 form on October 11, 2011, dismissed March 5, 2012, as barred by res judicata; Gordon v. State, 3:12-cv-98, filed on a § 2254 petition form on February 13, 2012, dismissed April 13, 2012, based on abstention under Younger v. Harris, 401 U.S. 37, 44 (1971), because state court proceedings were pending. Gordon v. State, 3:12-cv-441, filed on a § 2241 petition form on July 19, 2012 is currently pending.

> that earlier that day his symptoms required an insulin shot.
>
> Plaintiff alleges that Ingram, with support from Luke and Barnes, failed to cite Keziah for the car accident despite "two state law violations [sic] speeding and two passengers not wearing seatbelts in our click it or ticket state." Plaintiff further contends that this was all done with Sheriff Cathey's knowledge and support. Finally, Plaintiff alleges that his attorney, Miles Helms, was aware of these events and was negligent in not revealing such information to the court.

See Gordon v. Huncke, No. 3:11-cv-257, 2011 WL 4501934, at *1-2 (W.D.N.C. Sept. 28, 2011) (citations and footnotes omitted).

## II. DISCUSSION

### A. In Forma Pauperis Application

First, with regard to Plaintiff's application to proceed in forma pauperis, the Court has examined Plaintiff's application and finds that he is eligible to proceed in forma pauperis. Thus, Plaintiff's application to proceed in forma pauperis is granted.

### B. Initial Review

In this action, filed on May 25, 2012, Plaintiff has alleged the same or substantially similar facts and claims as those raised in previous lawsuits that he has filed in this Court. Most of Plaintiff's claims here arise out of his arrest on July 26, 2010. First, Plaintiff alleges that his constitutional rights were violated when officers transported him without a warrant from the Union County Jail in North Carolina to South Carolina. Plaintiff also argues that his waiver of counsel during an interrogation was ineffective because he suffered diminished capacity. See (Doc. No. 1 at 5). Specifically, Plaintiff states that Ground One is brought pursuant to his "right to test the legality of arrest on 7-26-2010, illegal seizure, interrogation waiver of counsel." (Id.). In Ground Two, Plaintiff states that his Fourteenth Amendment due process rights were violated when officers, without a warrant, "transport to South Carolina to investigate unfiled complaint

on trip to S.C. [Plaintiff] suffered chronic disease complications requesting medical attention, head chest and disease complications requesting medical attention, head, chest, and stomach pain, where [Defendant] den[ied] medical, hospital, or ambulance." (Doc. No. 1 at 7). Plaintiff alleges that the officers stopped to purchase "alcohol or green tea for chronically ill patient without doctor order, causing [Plaintiff] extreme automatism as a result of unprescribed medication administered unlawfully." (Id.).

In Ground Three, Plaintiff alleges that his constitutional rights were violated when he was "kidnapped by human trafficking when [officers] seized, interrogated, obtained signatures of a disabled adult, placed in front seat of police car shackled, waist chain, handcuffs transported across state lines. Into [South Carolina] governors making this demand, refused a hearing before judge inform him of demand, refused a hearing before judge . . . ." (Id. at 8). Plaintiff also alleges that he was "charged with attempted murder, by Det. Keziah, the driver on 7-26-10 after head on collision while [Keziah] was speeding, not securing [Plaintiff] in seatbelt." (Id. at 10). Plaintiff further alleges that "Det. Huncke admitted choking [Plaintiff] at the time of impact, where [Plaintiff] is listed by Det. saying 'Let go of my neck!' NCHP C.D. Ingram refused his duty to cite Det. Keziah for speeding, not wearing seatbelt." (Id.).

Finally, Plaintiff alleges in the Complaint that his right to a speedy trial was violated.[3] Plaintiff alleges that he has been awaiting trial since his arrest on July 26, 2010.

The Court will dismiss Plaintiff's Complaint. First, some of Plaintiff's factual allegations are simply nonsensical and do not state any cognizable claim whatsoever.

---

[3] Although criminal defendants facing state charges are not protected by the federal Speedy Trial Act, they are protected by the Sixth Amendment right to a speedy trial. See United States v. Thomas, 55 F.3d 144, 148 (4th Cir. 1995). The Court will assume that Plaintiff is attempting to invoke his Sixth Amendment right to a speedy trial in this action.

Furthermore, several of Plaintiff's claims are barred by res judicata. As to Plaintiff's allegations in which he appears to challenge the pending state court proceedings, Plaintiff filed a similar action on February 13, 2012, in which he also challenged his state court proceedings. This Court entered an Order dismissing Plaintiff's Complaint without prejudice based on the Younger abstention doctrine. See (3:12cv98, Doc. No. 9). Because the Complaint here challenges the same conduct as in the earlier action–i.e., the state court proceedings–and the Court has already ruled on Plaintiff's claim, this claim is barred by res judicata and will be dismissed without prejudice.

Next, to the extent that Plaintiff brings a claim based on what happened while he was being transported from North Carolina to South Carolina, the Court has already dismissed this claim as frivolous in one of Plaintiff's previous actions. See (3:11cv502, Doc. No. 33). Therefore, this claim is barred by res judicata and will be dismissed.

Next, to the extent that Plaintiff complains that his right to a "speedy trial" was violated, the Court will dismiss this claim without prejudice because Plaintiff has not shown that he has exhausted his state court remedies, nor has he demonstrated that the state court remedies are unavailable or ineffective to address his speedy trial claim. Furthermore, because the state court proceedings are still ongoing, the Court will abstain from adjudicating Plaintiff's speedy trial claim pursuant to Younger v. Harris, 401 U.S. 37, 44 (1971).

Finally, Plaintiff attached a subsequent § 2254 petition to his original § 2254 petition. See (Doc. No. 2). In the attachment, Plaintiff claims that his constitutional rights were violated because he was charged under a defective indictment and that at trial the prosecution "fail[ed] to comply with the Constitutional duty to comply with discovery and Brady put [sic] the petitioner at an unfair disadvantage for preparation for trial, confrontation clause, compulsory process, and

due process." (Id. at 7; 8). The Court does not construe the attachment as an amended § 2254 petition because the subsequent petition does not include the claims that are in the original petition. The Court will, instead, treat both documents as a single Complaint and address the claims raised in both documents. Because the state court proceedings against Plaintiff are still ongoing, the Court finds that abstention is appropriate as to Plaintiff's claims challenging his indictment and alleging that constitutional violations occurred during his trial.

   C.   "Three Strikes" Consideration under § 1915(g)

In sum, the Court finds that dismissal is appropriate because Plaintiff's claims are either frivolous, malicious, or both, or Plaintiff's allegations simply fail to state a cognizable claim. In dismissing this action, the Court finds that this is Plaintiff's third strike under 28 U.S.C. § 1915(g), which provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff is put on notice that because the dismissal of this action constitutes Plaintiff's third strike under § 1915(g), he is prohibited from filing future in forma pauperis civil actions or appealing a judgment in a civil proceeding under 28 U.S.C. § 1915 in any federal district unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to Proceed in District Court without Prepaying Fees or Costs, (Doc. No. 1-1), is **GRANTED**.

2. The Complaint, (Doc. No. 1), is **DISMISSED**. To the extent that Plaintiff is challenging the charges raised in the ongoing state court proceedings, the dismissal is <u>without</u> prejudice. Plaintiff's speedy trial claim is also dismissed <u>without</u> prejudice. All other claims are dismissed <u>with</u> prejudice. The Clerk of this Court is instructed to note upon the Court's docket that this is Plaintiff's third strike under Section 1915(g).

Signed: August 6, 2012

Robert J. Conrad, Jr.
Chief United States District Judge