UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-335-RJC

| | |
|---|---|
| GREGORY LYNN GORDON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF NORTH CAROLINA, )<br>)<br>Defendants. )<br>_____) | ORDER |

**THIS MATTER** is before the Court on Plaintiff's Motion for De Novo Judicial Review, (Doc. No. 5), which this Court will construe as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure.[1]

The allegations in the Complaint and the background of this case are recited in the Court's previous Order dismissing Plaintiff's claims and will not be repeated here. See (Doc. No. 3). This is one of five civil rights actions that Plaintiff has filed in this Court, all arising out of events that began with Plaintiff's arrest for state court murder charges on July 26, 2010. As the Court noted in its previous Order, the Court has already dismissed three of these complaints. (Id. at 4).

This Court previously dismissed Plaintiff's Complaint based on the following: (1) some of Plaintiff's factual allegations are nonsensical and do state a cognizable claim; (2) several

---

[1] In its prior Order dismissing this case, the Court found that the Complaint filed in this case, which was on a form for habeas petitions under 28 U.S.C. § 2254 was more appropriately brought under 42 U.S.C. § 1983. Thus, the Court treated the action as one arising under § 1983.

-1-

claims are barred by res judicata; several claims were dismissed without prejudice based on abstention under Younger v. Harris, 401 U.S. 37, 44 (1971). Finally, the Court found that dismissal of this action constituted Plaintiff's third strike under 28 U.S.C. § 1915(g).

With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Plaintiff is not entitled to relief, as he has not shown that an alteration of the Court's prior Order of dismissal is warranted. In his motion, Plaintiff merely repeats the allegations he has made in his various complaints in this court, such as his argument that he was injured while being transported from South Carolina to North Carolina, and the officers transporting him were deliberately indifferent to his serious medical needs. (Doc. No. 5 at 2). Plaintiff also contends that this Court "has erroneously recorded two strikes under res judicata to conceal federal kidnaping charges and illegal seizure under [the] Fourth Amendment [to the] U.S. Constitution."

(Id. at 3). Plaintiff has simply not shown that the Court's prior judgment should be amended or altered.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for De Novo Judicial Review, (Doc. No. 5), is **DENIED**.

Signed: September 19, 2012

Robert J. Conrad, Jr.
Chief United States District Judge